Ronald D. DAOUST, Appellant,

v.

Melvin R. LAIRD, Secretary of Defense, et al.

No. 23944.

United States Court of Appeals, District of Columbia Circuit.

Argued June 19, 1970.

Decided Sept. 3, 1970.

Petition for Rehearing Denied Oct. 8, 1970.

Mr. Jeremiah S. Gutman, New York City, for appellant.

Mr. John T. Kotelly, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellees.

---

Before LEVENTHAL, ROBINSON and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant in this case sought, after voluntary enlistment in the Army, discharge as a conscientious objector. His application was rejected, and a second and third application were refused processing on the grounds that they were substantially the same as the first. Appellant then sought a writ of habeas corpus in the District Court and it was denied. This appeal followed.

The Government in essence argues that there is a factual basis in the record to support the conclusion of the Conscientious Objector Review Board that appellant lacked sincerity in presenting his opposition to war as a religious belief.

It appears that the Board's conclusions were based in significant part on what were deemed negative aspects of the interview reports of the chaplain, psychiatrist, and interviewing officer, as casting doubt on the claim that appellant had beliefs against war which were religious in origin. However, these same reports strongly suggested that appellant had sincerely held beliefs of a moral or philosophical nature and these may well meet the new standard laid down by the Supreme Court in Welsh v. United States, 398 U.S. 333, 344, 90 S.Ct. 1792, 26 L. Ed.2d 308 (1970), that the conscientious objector exemption, 50 U.S.C.App. § 456 (j) (1964),

> exempts from military service all those whose consciences, spurred by deeply held moral, ethical, or religious beliefs, would give them no rest or peace if they allowed themselves to become a part of an instrument of war.

We conclude that it is in the overall interest of justice to remand in order for the Army to give consideration *de novo* to appellant's application in light of the Supreme Court's recent decision in Welsh v. United States, *supra*.

Remanded.